In the Matter of Hyman Parness, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, February 1, 1962.

*Raymond P. Whearty* of counsel (*Eric Nightingale,* attorney), for petitioner.

*Hyman Parness,* respondent in person.

*Per Curiam.* A Referee has found that the three charges preferred against respondent have been sustained. The evidence as to those charges demonstrates neglect of clients' mat-

ters as well as lack of co-operation in the investigation of respondent's professional conduct. Although no client suffered financially with respect to the matters forming the basis of the charges, it appears that no genuine effort was made to pay the clients or relieve their anxieties until hearings before the Committee on Grievances had been initiated.

However, respondent has urged a number of mitigating circumstances as contributing to his neglect. These included the death of his partner's wife requiring respondent to assume the full load of the office to a point of mental fatigue; the suicide of respondent's brother, and an accident in which respondent received a severe head injury. As a result of the accident respondent was unable to work effectively, and matters were not helped by an ensuing prolonged illness of respondent's daughter. Since October, 1958, respondent has virtually discontinued the practice of law and has devoted himself to the operation of a package liquor store in Staten Island, purchased with funds borrowed from his wife's father.

The series of adversities referred to led to a mental and physical condition bordering on a nervous breakdown. Nevertheless, respondent's conduct cannot be condoned. Fortunately, as has been indicated, in none of the cases did any of the clients suffer any pecuniary loss. As we said in *Matter of Maness* (7 A D 2d 122, 123) commenting upon the effect of adversities: "While these circumstances do not serve to exonerate respondent, they explain the nature of his conduct and its cause to the exclusion of any perfidy or cupidity."

Yet, this proceeding does not present a picture of deliberate and repeated conversion of clients' funds (see *Matter of O'Doherty*, 14 A D 2d 4) nor a course of conduct indicating a likelihood of recurrence (see *Matter of Wohlfeld*, 12 A D 2d 82). However, the conduct of respondent cannot be excused nor its seriousness depreciated. Respondent should be disciplined.

In view of the ameliorative factors, and considering that respondent is not now actively engaged in the practice of law and has not been since October, 1958, a proper regard for the protection of the public would indicate that respondent should be suspended from the practice of law for a period of two years and until further order of the court.

BOTEIN, P. J., BREITEL, VALENTE, STEVENS and EAGER, JJ., concur.

Respondent suspended for a period of two years.